UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 18-30001-WGY |
| v. | ) | |
| | ) | |
| (6) DAPHNE MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT MOORE'S
MOTION FOR A PROMPT TRIAL (Docket Entry No. 275)

The United States of America, by and through its attorneys, United States Attorney Andrew E. Lelling and Assistant United States Attorney Katharine A. Wagner, respectfully requests that the Court deny defendant Daphne Moore's Motion for Prompt Trial at the end of March 2019 (Docket Entry No. ("DE") 275, hereinafter, the "Motion"). The risk of prejudice claimed by defendant Moore is insufficient to warrant severance and a separate trial for her alone just two months before her six co-conspirators' trial.

The superseding indictment charges defendant Moore and seven co-defendant co-conspirators with conspiring and aiding and abetting drug and money laundering offenses. Any trial of defendant Moore alone would be duplicative of the scheduled June 10, 2019 trial involving her co-defendants. Additionally, the abbreviated and duplicative trial schedule would unfairly prejudice the government's ability to present its case in both trials. Accordingly, the grounds laid out in defendant Moore's motion are insufficient to provide a valid grounds for severance, and defendant Moore's motion should be denied.

Background

On December 20, 2018, a federal grand jury returned a twenty-four count superseding indictment charging defendant Moore and seven co-defendant co-conspirators with narcotics,

money laundering, and firearms offenses relating to a two-year investigation into narcotics and firearms trafficking between the Springfield, Massachusetts, and Barre, Vermont, areas. (*See* DE 206.) The superseding indictment charges defendant Moore with the following ten counts:

- with seven co-defendants, one count of conspiracy to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. § 846 (Count One);
- with six co-defendants, one count of distribution and possession with the intent to distribute heroin, cocaine, and cocaine base on November 17, 2017, and aiding and abetting such an offense, pursuant to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three);
- with five co-defendants, one count of conspiracy to launder drug proceeds, in violation of 18 U.S.C. § 1956(h) (Count Eight);
- with one co-defendant, six counts of laundering drug proceeds, and aiding and abetting such an offense, pursuant to 18 U.S.C. §§ 1956(a)(1) and 2 (Counts Fourteen through Nineteen); and
- alone, one count of making three false statements to federal law enforcement agents, pursuant to 18 U.S.C. § 1001 (Count Twenty-Four).

(*See* DE 206.) Consequently, nine of the ten counts charged against defendant Moore also charge co-defendants. Even Count Twenty-Four, the only count charging defendant Moore alone, charges false statements relating to defendant Moore's knowledge of her co-defendants' actions. Additionally, narcotics and money laundering counts alleged in Counts Four, Five, and Nine through Thirteen involve bank accounts held in and controlled by defendant Moore and/or deposits made in defendant Moore's name. (*See* DE 206.) Accordingly, the overwhelming majority of the witnesses and physical evidence that the government would seek to introduce at any trial against defendant Moore would also be evidence against her co-defendants.

The superseding indictment arose from a two-year investigation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), Internal Revenue Service Criminal Investigations ("IRS CI"), the Vermont State Police, the Massachusetts State Police, and local Vermont law enforcement agencies into the drug, firearms, and money laundering activities of

co-defendants Moore-Bush, Dinzey, and their co-conspirators, including defendant Moore. The investigation included two months of court-authorized Title III interception of oral and text communications occurring over phones used by co-defendants Moore-Bush and Dinzey, including dozens of calls in which defendant Moore participated and/or was the subject of co-conspirators' communications in furtherance of the charged conspiracies.

The investigation also included an extensive financial investigation involving analysis of more than a dozen bank, credit card, and loan accounts. As a result, ATF and IRS CI agents identified bank accounts held at TD Bank associated with defendant Moore into which co-defendants deposited the cash proceeds of the narcotics sales at Vermont branches of that bank (*see* DE 206, Counts Eight through Thirteen). One of the TD Bank accounts used in this way in 2014 and 2015 was jointly held by defendant Moore and co-defendant Moore-Bush. The two TD Bank accounts used in this way in 2016 and 2017 were held by defendant Moore in trust for co-defendant Moore-Bush. Defendant Moore was the sole signatory for these TD Bank trust accounts and communicated directly with TD Bank on multiple occasions regarding transactions involving these accounts.

The financial investigation further revealed that the cash proceeds deposited in the trust accounts held by defendant Moore would then be withdrawn, primarily in cash from ATMs located in the Springfield area, to purchase narcotics to be transported to Vermont for distribution. Defendant Moore's calls to TD Bank seeking ATM withdrawal increases were recorded over the court authorized Title III intercepts and/or consensually recorded by TD Bank.

On January 12, 2018, the date the original indictment was unsealed, defendant Moore made a series of statements to ATF and IRS CI agents that form the basis of the false statements charge alleged in Count Twenty-Four. More particularly, defendant Moore stated that she (a) did

not know where co-defendant Moore-Bush did her banking, despite the fact that she knew that co-defendant Moore-Bush used the TD Bank accounts as described above; (b) did not know that Vermonters had been visiting her home, when in fact defendant Moore interacted with Vermont, co-conspirator co-defendants at her home; and (c) did not know what happened to a black Audi used by the drug organization despite the fact that she and co-defendant Moore-Bush had lengthy intercepted conversations about the sale of the black Audi and defendant Moore had rented a vehicle for co-defendant Moore-Bush on the night that the Audi was sold.

Procedural Background

The twenty-four count superseding indictment was returned on December 20, 2018, just seven weeks ago. The superseding indictment increased the drug weight allegation in Count One and added twenty-three counts and four defendants, including defendant Moore.

During the pretrial conference before this Court on January 14, 2019, the undersigned Assistant United States Attorney ("AUSA") informed the Court that the government's case in chief would span approximately two weeks. At that time, the parties agreed to a trial date of June 10, 2019, and this Court set a briefing schedule requiring the defendants to file dispositive motions seven weeks prior to trial (April 22, 2019) and setting a final pretrial conference for four weeks prior to trial (May 13, 2019).

During the January 14, 2019 pretrial conference, counsel for defendant Moore stated that defendant Moore would likely move for a prompt trial in March 2019. Three weeks later, on February 4, 2019, the defendant filed the pending Motion essentially seeking a severance and second trial to begin in "late March" 2019. In her Motion, defendant Moore alleged that the difference of two months would unfairly prejudice the defendant's ability to prepare her defense because she is currently suspended without pay from her current employment. (*See* Mot. at 3–4.)

Argument

Defendant Moore's Motion is styled as a motion for miscellaneous relief but is more properly characterized as a motion for severance.[1]

A. Relevant Law

Federal Rule of Criminal Procedure 8(b) provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Defendant Moore does not—nor could she—argue that she is not properly joined to the superseding indictment that charges her and seven others with various conspiracy and related substantive charges.

"The general rule is that defendants who are properly joined in an indictment should be tried together." *United States v. Floyd*, 740 F.3d 22, 36 (1st Cir. 2014) (citing *United States v. O'Bryant*, 998 F.2d 21, 25 (1st Cir. 1993)); *see also Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). This "general rule" is "to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." *United States v. Rodriguez-Reyes*, 714 F.3d 1, 17 (1st Cir. 2013) (citation and quotation marks omitted); *see also O'Bryant*, 998 F.2d at 25 (same). Moreover, "[t]his [general] rule has special force in conspiracy cases, in which the severance of coconspirators' trials 'will rarely, if ever, be required.'" *O'Bryant*, 998 F.2d at 25 (quoting *United States v. Flores-Rivera*, 56 F.3d 219, 325 (1st Cir. 1995)); *see also United States v.*

---

[1] By order of this Court, the Speedy Trial clock has been tolled until June 10, 2019 as to all defendants in this case pursuant to 18 U.S.C. § 3161(h)(7)(A). Accordingly, the June 10, 2019 trial date does not impinge on defendant Moore's Speedy Trial Act rights. *See* 18 U.S.C. § 3161(h)(6).

*Saunders*, 553 F.3d 81, 85 (1st Cir. 2009) ("The preference for a joint trial is particularly strong where the charge is conspiracy.").

Where, as here, defendants are properly joined in a single indictment, *see* Fed. R. Crim. P. 8(b), the Court has discretion to sever those defendants "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government," Fed. R. Crim. P. 14(a). Under Rule 14, however, the defendant bears a heavy burden in demonstrating that the risk of prejudice asserted outweighs the strong presumption that properly joined defendants should be tried together. *See O'Bryant*, 998 F.2d at 25 ("[W]hen multiple defendants are named in a single indictment, a defendant who seeks a separate trial can ordinarily succeed in obtaining one only by making a strong showing of evident prejudice.") (citations omitted). The First Circuit has recognized that this "hurdle is intentionally high" because "Supreme Court precedent instructs that 'a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro*, 506 U.S. at 539).

For the foregoing reasons, courts reviewing a motion to sever must balance the asserted risk of prejudice to the defendant with the strong presumption of joined trials in conspiracy cases, including the expenditure of judicial and prosecutorial resources required to essentially try the same case twice. *See, e.g., United States v. Brissette*, Case No. 16-cr-10137-LTS, 2018 WL 1093500, at *6 (D. Mass. Feb. 28, 2018) (finding that "none of the reasons [the defendant] cites as grounds for his motion persuade the Court that it should exercise its discretion to require separate (and, largely, duplicative) trials)"); *United States v. Martinez*, Case No. 11-cr-10195-RWZ, 2013 WL 49767, at *4 (D. Mass. Jan. 2, 2013) (declining a motion to sever because "the

risk is not sufficiently serious to justify two separate trials”).

B. The Defendant’s Claimed Prejudice Is Insufficient to Overcome the General Rule That Properly Joined Defendants Be Tried Together

Defendant Moore does not assert that she would be prejudiced by being tried in the same trial as her co-defendants, nor does she point to any particular evidentiary reasons that would merit severance. And, indeed, there are no such evidentiary considerations in this case. The defendant is charged with conspiring with her co-defendants to distribute narcotics and to launder the proceeds of that narcotics distribution. The evidence supporting the charges against defendant Moore is coextensive with the evidence supporting the charges against her co-defendant co-conspirators. *See United States v. Soto-Beniquez*, 356 F.3d 1, 30 (1st Cir. 2003) (“Because conspiracy cases often involve evidence that is admissible against all members of the conspiracy, ‘in the context of conspiracy, severance will rarely, if ever, be required.’”) (citation omitted).

In the absence of any evidentiary basis for severance, defendant Moore instead asserts that the modest two-month delay would unfairly prejudice her defense because it would “increase the cost of her defense, deplete her resources and cause irreparable damage to her ability to defend herself while providing for the welfare of her grandchildren.” Mot. at 3. Defendant Moore’s conclusory statements regarding the potential prejudice that a June 10, 2019 trial date would cause are not supported by any details about how or why her defense costs would increase. Given the short duration of the two-month delay, such prejudice, if any, would be minimal. Consequently, defendant has failed to make a “strong showing of evident prejudice.” *Zafiro* , 506 U.S. at 539; *O’Bryant*, 998 F.2d at 25.

The requested March 2019 trial date would accelerate this Court’s standard scheduling order, providing insufficient time to resolve discovery disputes, should there be any, and to brief

and file any suppression or other Rule 12 motions, all while preparing for trial beginning in approximately six weeks. Based on the scheduling order issued in relation to the June 10, 2019 trial, dispositive motions would have been due on February 4, 2019, the date that the defendant filed the instant motion, and the final pretrial conference would be set for February 25, 2019, less than three weeks hence. This accelerated schedule, even if consolidated to fit within the six-week period until the proposed trial date, is not realistic and ultimately prejudices both the defendant's and the government's ability to prepare for and receive a fair trial.

Additionally, the proposed severance would greatly prejudice the government's ability to prosecute defendant Moore and her co-defendants. Defendant Moore's contention that the government has had one year to prepare for trial (Mot. at 4) is inconsistent with the record in this case. The investigation in this case did not cease with the original indictment in January 2018. The investigation continued actively up to and after the grand jury returned the superseding indictment on December 20, 2018. That superseding indictment, returned less than two months ago, added four defendants and twenty-three counts to the original indictment. Furthermore, as described above, this investigation was extensive, involving multiple law enforcement agencies in two states, multiple Title III applications, a financial analysis involving numerous accounts, and three years of criminal conduct. The anticipated trial evidence includes dozens of transcripts of intercepted and consensually recorded calls, audio and visual recordings, financial records and summaries, and records relating to at least five separate drug seizures. The accelerated briefing schedule and scant six weeks to prepare for a March 2019 trial would impede the ability of the government to present its case-in-chief.

Severance here also would result in the unwarranted duplication of judicial, prosecutorial, and jury resources. *See Rodriguez-Reyes*, 714 F.3d at 17. The proposed trial of one co-

conspirator (defendant Moore) at the end of March 2019 would end only two months before the scheduled June 10, 2019 trial of her six co-defendant co-conspirators on the same and related charges.[2] These two trials would be largely duplicative. Defendant Moore's control of the trust accounts used to launder the drug proceeds and to purchase the drugs fueling the narcotics conspiracy are at the heart of the narcotics and money laundering charges alleged in the superseding indictment. The bulk of the government's case-in-chief in both proposed trials, therefore, would rely on the same physical evidence and witnesses, several of whom reside outside of this District. Two separate juries would expend at least two weeks each in hearing and considering largely the same evidence. Accordingly, the two trials would expend considerable judicial, prosecutorial, and jury resources unnecessarily.

Finally, the undersigned AUSA, who has been the sole AUSA assigned to this case since its inception in January 2017, has a three-week RICO, wire fraud, and money laundering trial scheduled to begin on April 22, 2019. *See United States v. Bokhari*, Case No. 14-CR-30044-MGM. The undersigned AUSA has been assigned to the *Bokhari* matter, and eleven related criminal cases, since May 2015 and assisted in the related investigation as a Special Assistant United States Attorney in 2013. Both the *Bokhari* and instant *Moore-Bush et al.* matters have been and continue to be investigated and prosecuted out of the Springfield Branch Office of the U.S. Attorney's Office. The Springfield Branch Office consists of only eight AUSAs, one of whom is retiring on April 1, 2019. Accordingly, two trials in this matter would require reallocation of limited prosecutorial resources in both matters.

---

[2] A seventh co-defendant, Luis Niko Santos, remains a fugitive.

Conclusion

For the foregoing reasons, defendant Moore has failed to demonstrate a risk of prejudice sufficient to outweigh the general presumption of jointly held trials in conspiracy cases. Accordingly, the defendant has failed to meet her burden under Rule 14, *Zafiro*, and First Circuit precedent, and the Motion should be denied.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

*/s/ Katharine A. Wagner*
KATHARINE A. WAGNER
Assistant United States Attorney

Counsel for the United States

Submitted: February 6, 2019

Certificate of Service

February 6, 2019

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By: *<u>/s/ Katharine A. Wagner</u>*
KATHARINE A. WAGNER
Assistant United States Attorney