UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 3:18-CR-30001-WGY

UNITED STATES OF AMERICA

v.

DAPHNE MOORE, et als.

DEFENDANT DAPHNE MOORE'S MEMORANDUM
IN SUPPORT OF MOTION
FOR RELIEF FROM PREJUDICIAL MISJOINDER

INTRODUCTION

The indictment charges four conspiracies, and 19 substantive crimes involving clusters of the alleged co-conspirators. Count one charges a narcotics conspiracy pursued over an approximately 41 month period from October 2014 through January 12, 2018, the date on which all of the defendants except for Ms. Moore were arrested by federal authorities. All eight defendants are charged with conspiring to distribute and possess narcotics with intent to distribute. No overt acts are alleged.

Counts 2-6 lay out distribution and possession with intent to distribute charges against various groupings of the conspirators. In Count 3, all of the alleged co-conspirators are charged with distribution and possession with intent

to distribute narcotics on November 17, 2017. Counts 2 and 4-6 also charge actual distribution and possession crimes not involving Ms. Moore. Of the narcotics charges, she is charged in the conspiracy and in the November 17, 2017 crimes involving all of the coconspirators.

Counts 7 through 19 charge two money-laundering conspiracies and 11 money-laundering transactions. Count 7 charges Nia Moore-Bush and Dinelson Dinzey with money-laundering conspiracy in the purchase of a car. Count 8 charges six of the defendants, including Ms. Moore, with a money-laundering conspiracy that covers the same time frame, and that was carried out over the same geographical area, as the narcotics conspiracy charged in Count 1. Counts 9-13 charge four defendants with 5 specific acts of money-laundering by depositing proceeds of narcotics sales in an identified bank account. Counts 14-19 charge Ms. Moore and Nia Moore-Bush with 7 specific acts of money-laundering by withdrawing cash from the same bank account. Two specified unlawful activities are alleged in each of these counts to have produced the proceeds involved in the money-laundering: [1] the narcotics conspiracy charged in Count 1, and [2] the distribution and possession with intent to distribute of heroin, cocaine and cocaine base, without reference to charges in the indictment.

Count 20 charges Nia Moore-Bush and Dinelson Dinzy with conspiring to engage "with each other and with other persons known and unknown to the grand jury" to engage in the unlicensed business of dealing in firearms between January 2017 and January 2018, involving but not limited to, six identified

firearms. In Count 21, Nia Moore-Bush individually, and in Count 22, she and Dinelson Dinzey, are charged with the unlicensed sale of identified firearms in February and May 2017. Count 23 charges Ms. Moore-Bush and Dinzey each with being a felon in possession.

Count 24 charges Ms. Moore with three instances of making materially false statements to federal law enforcement officers on January 12, 2018.

I. *The Firearms Charges Are Improperly Joined With The Other Counts In This Indictment*.

Rule 8(a) permits the grand jury to include several counts in an indictment, but only where the charges "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." To satisfy this standard, "a rational basis in fact, sufficient to warrant joinder, must be discernible from the face of the indictment." United States v. Fenton, 367 F3d 14, 21 (1st Cir. 2004); United States v. Terry, 911 F2d 272, 276 (9th Cir. 1990). The criteria of comparison includes whether the counts are brought under the same statute, whether they involve the same or similar victims, locations or modes of operation, or time frames. United States v. Theriault, 670 F. Supp. 2d 96, 98 (D.Me. 2009). The relevance of the evidence to the other counts is also a factor.

Here, the gun charges lie only against Ms. Moore-Bush and Mr. Denzy, who are Ms. Moore's daughter and the father of her children. Ms. Moore-Bush and Denzy are also charged with Ms. Moore in Counts 1, 3 and 8, which charge the narcotics conspiracy, one of the money-laundering conspiracies and a

narcotics distribution charge. Ms. Moore and her daughter are charged jointly in the money-laundering cash withdrawal transactions in Counts 14-19. The Government has gratuitously linked Ms. Moore to the bank account into which the money-laundering deposits were made [Counts 9-13]. The ambiguity with which the SUAs are pleaded in each of the money laundering counts leaves open the possibility that a jury could infer that money from the alleged gun sales was part of the proceeds allegedly passed in those transactions, although this connection is not expressly pleaded. Counts 8-19.

Thus, the gun charges are highly prejudicial to Ms. Moore. The indictment does not contain allegations that Ms. Moore had anything to do with the gun transactions that her daughter and Mr. Dinzey were engaged in. But the allegation that Ms. Moore was involved in the narcotics and money-laundering conspiracies that allegedly were being carried out during similar time periods creates an unnecessary and prejudicial risk of spill-over that will be difficult for the Court to safeguard against with nothing more than instructions.

Justice Scalia's straight talk about the efficacy of limiting and cautionary instructions bears consideration in this kind of setting. He pointed out that "[t]he rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). The law *forbids* reliance on this presumption in a *Bruton* situation, but here, it grants *discretion* to the trial

judge to take protective action that is more certain than a jury instruction, where the risk of injustice to a criminal defendant is great.

Here the Court has discretion to sever these gun charges to protect Ms. Moore's invaluable right to a fair trial. She is entitled to the jury's individualized judgment based solely on the evidence against her. CITATION. She should not be required to bear the risk that the jury will be unable to segregate this evidence of dangerous, reckless conduct by people close to her – her daughter and the father of her grandchildren – that is not relevant to any of the charges against her.

II. The Joinder Of Counts 20-23 To Those Charging Ms. Moore Is Unfairly Prejudicial.

Even if joinder is debatable, or permissible under Rule 8, Rule 14 authorizes the Court to order separate trials in its discretion "as a remedy for prejudice that may develop during trial." *United States v. Jawara*, 474 F3d 565, 573 (9th Cir. 2007); *United States v. Buchanan*, 930 F. Supp 657, 662-664 (D.Ma. 1996).

The gun charges do not "grow out of related transactions." *United States v. Randazzo*, 80 F3d 623, 627 (1st Cir. 1996); *Buchanan*, at 667. The commission of these offenses did not grow out of related transactions. On the face of the indictment's allegations, commission of the gun offenses did not depend upon or necessarily lead to the commission of the drug offenses, or vice versa. *Jawara*, at 574. There is no allegation that proceeds from gun sales were involved in the alleged money-laundering activities, nor of bartered gun/drug

5

transactions, nor of the use of proceeds from one illicit activity to fund the other.

There is no allegation that Ms. Moore participated in any aspect of the alleged gun business.

The alleged gun and narcotics activities are of the "same or similar character" only at a high level of generalization; each allegedly involved conspiratorial activity. See, Buchanan, supra at The First Circuit has questioned the basis for this ground of joinder, and the Ninth Circuit has questioned it's fairness: "Joinder on this ground poses obvious dangers of prejudice to the defendant . . . .[I]t may fairly be asked whether joinder of this kind should ever be allowed." (Quoting 1A Charles Alan Wright, Federal Practice and Procedure §143 (3d ed. 1999).

In *Buchanan*, the district court pointed out that the "same or similar character" ground for permitting joinder has to be applied narrowly to insure that joinder will not lead to the sort of prejudice prohibited by Rule 404(b), FRE: "A broad reading of the 'similar character' provision of Rule 8(a) would invite the very sort of irrelevant 'bad character' reasoning prohibited under Rule 404(b)."930 F. Supp. at 666. The government could not offer the evidence of Nia Moore-Bush's and Dinelson Dinzey's illicit gun dealings in a separate trial of the narcotics and money-laundering charges against Ms. Moore.

There is little overlap between the gun charges and the balance of the indictment, so little judicial economy would be realized by trying the gun counts

with the others. The countervailing dangers include jury confusion and conviction based on propensity inferences, and spillover of the gun evidence into the narcotics and money-laundering cases. *Buchanan*, at 558. The balance calls for relief from prejudicial joinder.

Respectfully submitted,
Daphne Moore, Defendant, by


/s/ Linda J. Thompson
Linda J. Thompson, Esq.
BBO# 496840
THOMPSON & THOMPSON, P.C.
1331 Main Street, Suite 320
Springfield, MA 01103

[413] 739-2100
linda@ttpclaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document will be served on counsel of record for each represented party in this action through PACER's electronic filing and service system, this 22nd day of April, 2019.

/s/ Linda J. Thompson
Linda J. Thompson
