UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )    Crim. No. 18-30001-WGY
                             )
            vs.              )
                             )
DAPHNE MOORE, Defendant.      )

---

DEFENDANT DAPHNE MOORE'S MOTION TO SUPPRESS
UNLAWFULLY INTERCEPTED WIRE, ORAL AND ELECTRONIC
COMMUNICATIONS AND ALL EVIDENCE DERIVED DIRECTLY
OR INDIRECTLY THEREFROM

---

The defendant herein, DAPHNE MOORE, hereby moves pursuant to the provisions of 18 USC § 2515, 18 USC §§ 2518 (8)(d), (9), and (10)(a), 18 USC § 3504 (a)(1), F.R.Cr.P. 12 and the Fourth, Fifth and Sixth Amendments to the United States Constitution for an Order suppressing all unlawfully intercepted communications and derivative evidence.  In support of and as grounds for this Motion, the defendant, through counsel, states that:

1.  On November 9, 2017, the government submitted a Title III wiretap application to District Court Judge Mark G. Mastroianni, that sought authorization to intercept wire and electronic communications over Target Telephone 1 (TT#1) and Target Telephone 2 (TT#2).[1]  Exhibits A [1] & [2];

---

[1] All documents related to the November 9, 2017 Title III Application were filed under seal and are incorporated herein by reference.  These documents are also filed herewith in the Appendix of Exhibits to All Pretrial Motions on CD, under seal,  as Exhibits A [1]-[5].  A[1] - Application; A[2] - Affidavit; A[3] - Order; A[4] Government Memorandum; and A[5]; and, A[5] Chambers Proceeding transcript.

1

2.  The November 9th application was  not  the first such application.  The initial application was made some time prior to November 9th and at least partially denied.  See, Exhibits A[4] & [5].  The government failed to include this information in its final November 9th application as required by 18 USC § 2518 (1)(e);

3.  The government's November 9th Application and proposed Order specifically identified 14 individuals as TARGET SUBJECTS whose wire and electronic communications were sought to be intercepted over TT#1 and/or TT#2:

> i) Nia **MOORE-BUSH** (Target Telephone#1);
> ii) Dinelson **DINZEY** (Target Telephone#2);
> iii) Daphne **MOORE;**
> iv) Joshua **FOSTER**;
> v) Tracy **PARSONS**;
> vi) Jaimeson **GALLAS** aka Jamie;
> vii) JOSHUA **MOORBY** aka Josh**;**
> viii)  JENNIFER **SEALS** aka JENNIFER MOORBY;
> vix) Roderick **LEWIS**;
> x) Benjamin  **HERRERA**;
> xi) Edgar **JOHNSON**;
> xii) Oscar **ROSARIO** aka Os Kino;
> xiii) CHRIS LNU;
> xiv) Ulices **GUILLERMO** aka Peka ala Peka Trained to Go; and others not yet known or identified at this time (collectively TARGET SUBJECTS).

Exhibit A[2] at TIII_0000134;

4.   On November 9, 2017, Judge Mastroianni entered an Order authorizing interception of the communications of nine (9) specifically identified individuals  over  TT#1  and  TT#2,  while  prohibiting  interception  of  the

2

communications of the following individuals:

> iii) Daphne MOORE;
> iv) Joshua FOSTER;
> viii) Jennifer SEALS a/k/a Jennifer MOORBY
> xii) Oscar ROSARIO a/k/a "Os Kino"
> xiv) Ulices GUILLERMO a/k/a "Peka" a/k/a Peka Trained to Go"

Exhibit A [3] at TIII_0000305-306;

5.   The government sought an explanation from Judge Mastroianni, particularly addressed to his exclusion of Daphne MOORE from the Order authorizing interceptions[2];

6.   On November 9, 2017, at the government's request, Judge Mastroianni obliged the prosecutors in chambers and explained the process by which he concluded that the government had not shown probable cause to believe that Daphne MOORE was engaged in any of the specified Target Offenses with the Target Subjects.  Exhibit A [5] TIII_0000454-466;

7.   No Order authorizing the interception of Daphne MOORE's communications was entered by the court during the period of authorized interception, November 13, 2017 - January 30, 2018.  Exhibit J - Affidavit of Counsel[3];

---

[2]

At the commencement of the chambers hearing, Judge Mastroianni stated: "There were five individuals included in the government's proposed order that I have found there to be no probable cause; one of those individuals is Daphney (sic) Moore." Exhibit A[3] at TIII_0000455.   The four other individuals are identified in paragraph 4 of this Motion.

[3]

The Affidavit of Counsel is included in the Appendix of Exhibits to All

8.  In spite of the Order explicitly prohibiting[4] the interception of Daphne MOORE's communications, her communications were routinely intercepted (Exhibit J - Attachment A-1) in violation of the November 9th Title III Order, the probable cause requirements of the Fourth Amendment and 18 USC § 2518 (1), (3)(a);

9.  The November 9th Order prohibited interception of the communications of Oscar ROSARIO and Joshua FOSTER ; their communications were routinely intercepted (Exhibit J - Attachments A-2 and A-3, respectively) in violation of that Order;

10.  The unlawfully intercepted communications of Daphne MOORE, Oscar ROSARIO and  Joshua FOSTER were exploited by the government to obtain the November 27th and December 14, 2017 Title III Orders, as well as the 01/11/18 warrant to search Ms. MOORE's home located at 120 Hadley Street, Springfield, MA, and the January 28, 2019 Search and Seizure Warrant for Ms. MOORE's cell phone;

---

Pretrial Motions, filed under seal on CD, and incorporated herein as Exhibit J. The attachments to the Affidavit were filed under seal and are filed under seal herewith as Attachments A-1, A-2, and A-3.

[4]

Title III provides a comprehensive scheme for the regulation of electronic surveillance, *prohibiting all secret interception* except as authorized by certain state and federal judges in response to applications from specified federal and state law enforcement officials. (emphasis added)

*United States v. Rodrigues*, 850 F.3d 1, at 6 (1st Cir. 2017)

4

11. The unlawfully intercepted communications of Daphne MOORE, Joshua FOSTER and Oscar ROSARIO were further exploited by the government in evidence before the grand jury that returned both the original and the superceding indictments in violation of 18 USC § 2515. Exhibit G[5] - GJ _0000090-0000101;

12. The Inventory Notice served on Ms. MOORE violated the requirements of 18 USC § 2518 (4)(d) and the Fourth Amendment[6], in that it failed to disclose that the November 9th wiretap application was denied and that interception was disapproved as to MOORE, FOSTER, ROSARIO and two others; The Inventory Notices for Daphne MOORE and Oscar ROSARIO are filed herewith on CD and incorporated herein as Exhibit H [1] - MOORE and H[2] ROSARIO;

13. The defendant's Memorandum of Law in Support Motion To Suppress Unlawfully Intercepted Wire, Oral and Electronic Communications and All Evidence Derived Directly Or Indirectly Therefrom is submitted herewith and incorporated herein.

WHEREFORE, the defendant, Daphne MOORE, requests:

---

[5]

The grand jury transcript of January 11, 2018 was filed under seal and is incorporated herein by reference. It is also filed herewith in the Appendix of Exhibits to All Pretrial Motions on CD, under seal, as Exhibit G.

[6]

*United States v. Donovan*, 429 U.S. 413, 429-430 (1977)(notice is constitutionally required).

1) An Order requiring the government to affirm or deny the occurrence of the alleged unlawful acts set forth in this Motion, as required by 18 USC § 3504 (a)(1);

2) An evidentiary hearing to determine the scope of the statutory and Fourth Amendment violations and identify the direct and derivative evidence obtained in violation of Ms. Moore's Fourth Amendment rights and the government's violation of 18 USC §§ 2510 et seq;

3) An Order suppressing all evidence obtained directly or indirectly as a result of the government's violation of Ms. Moore's constitutional rights and the provisions of 18 USC §§ 2510 et seq.

Respectfully submitted,
DAPHNE MOORE, Defendant
/s/ Linda J. Thompson
Linda J. Thompson, BBO #496840
Her Attorney
THOMPSON & THOMPSON, P.C.
1331 Main Street
Springfield, MA 01103
(413) 739-2100
Fax: (413) 739-2300
Email: linda@ttpclaw.com

Certificate of Service

I certify that on April 22, 2019 I filed the foregoing document with the Court via the CM/ECF system, which will cause notice to be delivered electronically to all registered participants, and that I further sent paper copies to those indicated on the docket as non-registered participants, if any.

/s/ Linda J. Thompson

Linda J. Thompson, BBO # 496840

6