UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )   Criminal No. 18-30001-WGY |
| v. | ) |
| | ) |
| (6) DAPHNE MOORE, | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S OPPOSITION TO DEFENDANT MOORE'S
MOTION TO SEVER (Docket Entry No. 322)

The United States of America, by and through its attorneys, United States Attorney
Andrew E. Lelling and Assistant United States Attorney Katharine A. Wagner and Amy Harman
Burkart, respectfully requests that the Court deny defendant Daphne Moore's Motion for Prompt
Trial at the end of March 2019 (Docket Entry No. ("DE") 322, hereinafter, the "Motion").  This
is defendant Moore's second motion to sever (*see* DE 275 and Order denying that Motion, DE
285) and the first such motion in which she raises the specter of prejudice to the defendant with
respect to Counts Twenty through Twenty-Three, which are firearms charges against co-
defendants Dinelson Dinzey and Nia Moore-Bush.  The risk of prejudice claimed by defendant
Moore now, as it was in the prior motion to sever, is insufficient to warrant severance and two
separate trials involving the same witnesses, evidence, and a common set of facts.

Background

On December 20, 2018, a federal grand jury returned a twenty-four count
superseding indictment charging defendant Moore and seven co-defendant co-conspirators with
narcotics, money laundering, and firearms offenses relating to a two-year investigation into
narcotics and firearms trafficking between the Springfield, Massachusetts, and Barre, Vermont,
areas.  (*See* DE 206.)  Trial is currently set for June 10, 2019 with respect to defendants Moore

and Moore-Bush.  The remaining defendants have either pleaded guilty, intend to plead guilty, or are fugitive.

The superseding indictment charging:

- Moore and Moore-Bush with one count of conspiracy to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. § 846 (Count One);

- Moore and Moore-Bush with one count of distribution and possession with the intent to distribute heroin, cocaine, and cocaine base on November 17, 2017, and aiding and abetting such an offense, pursuant to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three);

- Moore-Bush with additional counts of distribution and possession with the intent to distribute heroin, cocaine, and cocaine base (Counts Two, Four through Six);

- Moore and Moore-Bush with one count of conspiracy to launder drug proceeds, in violation of 18 U.S.C. § 1956(h) (Count Eight);

- Moore and Moore-Bush with six counts of laundering drug proceeds, and aiding and abetting such an offense, pursuant to 18 U.S.C. §§ 1956(a)(1) and 2 (Counts Fourteen through Nineteen);

- Moore-Bush with an additional count of money laundering conspiracy and money-laundering counts (Counts Seven and Eleven);

- Moore-Bush with conspiracy to engage in unlicensed dealing of firearms, in violation of 18 U.S.C. § 371;

- Moore-Bush with engaging in unlicensed dealing of firearms, in violation of 18 U.S.C. § 922(a)(1);

- Moore-Bush with aiding and abetting possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and

- Moore with one count of making three false statements to federal law enforcement agents, pursuant to 18 U.S.C. § 1001 (Count Twenty-Four).

(*See* DE 206.)  The last count, Count Twenty-Four, is the only count charging defendant Moore alone and false statements relating to defendant Moore's knowledge of her co-defendants' actions.

The superseding indictment arose from a two-year investigation by the Bureau of

2

Alcohol, Tobacco, Firearms, and Explosives ("ATF"), Internal Revenue Service Criminal

Investigations ("IRS CI"), the Vermont State Police, the Massachusetts State Police, and local

Vermont law enforcement agencies into the drug, firearms, and money laundering activities of

co-defendants Moore-Bush, Dinzey, and their co-conspirators, including defendant Moore.  The

investigation included two consensually recorded firearms deals in which an ATF cooperating

witness purchased firearms from Moore-Bush and Dinzey and two months of court-authorized

Title III interception of oral and text communications occurring over phones used by co-

defendants Moore-Bush and Dinzey.  Intercepted calls that the government intends to use at trial

to prove the charges against both Moore and Moore-Bush include dozens of calls in which

defendant Moore participated and/or was the subject of co-conspirators' communications in

furtherance of the charged conspiracies.

The witnesses that the government intends to call in its case in chief to prove both the

charges against Moore and Moore-Bush together and the firearms charges that defendant Moore

seeks to sever in her Motion are similarly co-extensive.  The government intends to call

witnesses who distributed drugs as part of the conspiracy charged against Moore and Moore-

Bush in Count One and who will also testify that (1) Moore-Bush asked them to obtain firearms

in Vermont so that she could sell them in Massachusetts and/or (2) that they occasionally took

firearms as payment for drugs and then provided those firearms to Moore-Bush or Dinzey.

Likewise, the government intends to call a witness who will testify that he regularly purchased

drugs from Moore-Bush and her co-conspirators in Vermont and once provided a firearm as

collateral for drugs to "Pops," who he knew as Moore-Bush's father or step-father and who he

knew distributed drugs for Moore-Bush and Dinzey.  Additionally, the ATF cooperating witness

who purchased firearms from Moore-Bush and Dinzey also engaged in recorded conversations

with Moore-Bush and Dinzey about their firearms and drug activities, including acquiring and transporting drugs from Springfield to Vermont to distribute and acquiring and transporting firearms from Vermont to sell in Springfield.  The government further intends to introduce evidence that ATF conducted firearms traces on the firearms that Moore-Bush and Dinzey sold to the cooperating witness and discovered that those firearms were previously sold in Vermont or New Hampshire.

Argument

A.  Relevant Law

Federal Rule of Criminal Procedure 8(b) provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).  Defendant Moore does not—nor could she—argue that she is not properly joined to the superseding indictment that charges her and seven others with various conspiracy and related substantive charges.

"The general rule is that defendants who are properly joined in an indictment should be tried together."  *United States v. Floyd*, 740 F.3d 22, 36 (1st Cir. 2014) (citing *United States v. O'Bryant*, 998 F.2d 21, 25 (1st Cir. 1993)); *see also Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together.").  This "general rule" is "to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources."  *United States v. Rodriguez-Reyes*, 714 F.3d 1, 17 (1st Cir. 2013) (citation and quotation marks omitted); *see also O'Bryant*, 998 F.2d at 25 (same).  Moreover, "[t]his [general] rule has special force in conspiracy cases, in which the severance of coconspirators' trials 'will rarely, if ever, be required.'"  *O'Bryant*, 998 F.2d at 25 (quoting

4

*United States v. Flores-Rivera*, 56 F.3d 219, 325 (1st Cir. 1995)); *see also United States v. Saunders*, 553 F.3d 81, 85 (1st Cir. 2009) ("The preference for a joint trial is particularly strong where the charge is conspiracy.").

Where, as here, defendants are properly joined in a single indictment, *see* Fed. R. Crim. P. 8(b), the Court has discretion to sever those defendants "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government," Fed. R. Crim. P. 14(a). Under Rule 14, however, the defendant bears a heavy burden in demonstrating that the risk of prejudice asserted outweighs the strong presumption that properly joined defendants should be tried together. *See O'Bryant*, 998 F.2d at 25 ("[W]hen multiple defendants are named in a single indictment, a defendant who seeks a separate trial can ordinarily succeed in obtaining one only by making a strong showing of evident prejudice.") (citations omitted). The First Circuit has recognized that this "hurdle is intentionally high" because "Supreme Court precedent instructs that 'a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro*, 506 U.S. at 539).

For the foregoing reasons, courts reviewing a motion to sever must balance the asserted risk of prejudice to the defendant with the strong presumption of joined trials in conspiracy cases, including the expenditure of judicial and prosecutorial resources required to essentially try the same case twice. *See, e.g., United States v. Brissette*, Case No. 16-cr-10137-LTS, 2018 WL 1093500, at *6 (D. Mass. Feb. 28, 2018) (finding that "none of the reasons [the defendant] cites as grounds for his motion persuade the Court that it should exercise its discretion to require separate (and, largely, duplicative) trials)"); *United States v. Martinez*, Case No. 11-cr-10195-

RWZ, 2013 WL 49767, at *4 (D. Mass. Jan. 2, 2013) (declining a motion to sever because "the risk is not sufficiently serious to justify two separate trials").

    B.   <u>The Defendant's Claimed Prejudice Is Insufficient to Overcome the General Rule That Properly Joined Defendants Be Tried Together</u>

Defendant Moore appears to argue that she would be prejudiced by introduction at trial of *any* evidence of firearms and contends without elaboration that a limiting instruction could not cure any resulting prejudice.  However, the evidence supporting the charges against defendant Moore and the firearms charges against Moore-Bush are largely the same.  *See United States v. Soto-Beniquez*, 356 F.3d 1, 30 (1st Cir. 2003) ("Because conspiracy cases often involve evidence that is admissible against all members of the conspiracy, 'in the context of conspiracy, severance will rarely, if ever, be required.'") (citation omitted).  Severance here therefore would result in the unwarranted duplication of judicial, prosecutorial, and jury resources.  *See Rodriguez-Reyes*, 714 F.3d at 17.  Consequently, the proposed severance would greatly prejudice the government's ability to prosecute defendant Moore and her co-defendants.

As described above, either bifurcation of the firearms charges or severance of the two defendants would result in substantial repetition of evidence and witnesses.  Accordingly, trying defendants Moore and Moore-Bush separately or trying the firearms charges after asking the jury to consider the other charges would require the government to call the same witnesses and provide largely the same testimony.  Indeed, the number of witnesses required only for the firearms charges is likely only two: the government would call an ATF interstate nexus expert who would also testify that the firearms and ammunition traveled in interstate commerce and that the firearms had been traced to licensed firearms dealers in Vermont and New Hampshire, and a custodian from the Hampden County Sheriff's Office to enter a jail call.

In light of the significant redundancy and repetition required by severing the firearms

charges, defendant has failed to make a "strong showing of evident prejudice." *Zafiro* , 506 U.S. at 539; *O'Bryant*, 998 F.2d at 25.  The government does not intend to introduce evidence or argue that defendant Moore knew of or was involved in the firearms activity.  In fact, the evidence will show that Moore-Bush took steps to conceal her firearms dealing from her mother. Accordingly, with the addition of a strong limiting instruction by the Court, there is no likelihood that the jury will be confused as to defendant Moore's involvement in the charged firearms conduct or that evidence of that activity would taint the jury as to defendant Moore.

<u>Conclusion</u>

For the foregoing reasons, defendant Moore has failed to demonstrate a risk of prejudice sufficient to outweigh the general presumption of jointly held trials in conspiracy cases. Accordingly, the defendant has failed to meet her burden under Rule 14, *Zafiro*, and First Circuit precedent, and the Motion should be denied.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

*/s/ Katharine A. Wagner*
KATHARINE A. WAGNER
AMY HARMAN BURKART
Assistant United States Attorneys

Counsel for the United States

Submitted:  May 6, 2019

<u>Certificate of Service</u>

May 6, 2019

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

               By:    */s/ Katharine A. Wagner*
                             KATHARINE A. WAGNER
                             Assistant United States Attorney