UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(1) NIA MOORE-BUSH, )<br> a/k/a "Nia Dinzey," )<br>(6) DAPHNE MOORE, )<br>(7) OSCAR ROSARIO, )<br> a/k/a "O," )<br>)<br>DEFENDANTS. ) | Crim. No.  18-CR-30001-WGY |

### GOVERNMENT'S OPPOSITION TO DEFENDANT DAPHNE MOORE'S MOTION FOR A BILL OF PARTICULARS

The United States of America, by Assistant United States Attorneys Amy Harman Burkart and Katharine A. Wagner, hereby submits this response in opposition to Defendant Daphne Moore's Motion for a Bill of Particulars (Docket Entry "DE" 329.)  The Motion should be denied because it is untimely and Defendant has improperly filed it without first seeking and receiving leave of this Court pursuant to Fed. R. Crim. P. 7(f).  The Court should further deny the Motion because the Superseding Indictment, the circumstances of the investigation, and extensive discovery provided by the government in this case all more than adequately provide the Defendant with the necessary details of the charges against her to prepare her defenses, avoid surprise at trial, and protect against double jeopardy.

I.   **BACKGROUND**

Defendant Moore was indicted in a Superseding Indictment on December 20, 2018.  (DE 206.)  The original Indictment in the case was filed almost a year earlier, on January 11, 2018, and charged Moore's daughter (Nia Moore-Bush) and her son-in-law (Dinelson Dinzey) with involvement in the same criminal organization that Moore was later charged for participating in.

(DE 3.)  At the time Moore-Bush and Dinzey were arrested on the original Indictment, on January 12, 2018, they were living with Moore at her house in Springfield, Massachusetts, and a search warrant was executed at the home at the time of the arrests.  (In The Matter of the Search of 120 Hadley Street, Springfield, Massachusetts, 18-MJ-3009-KAR.)  Further, although Moore was not arrested at the same time as her daughter and son-in-law, even before she was indicted, in May 2018, the government provided her with inventory notices related to the interception of wire and electronic communications on the phones used by Moore-Bush and Dinzey.  Thus, well before Moore herself was charged in the Superseding Indictment, she was well aware of the government's investigation of the criminal organization that she ultimately was charged with participating in.

When Moore was herself charged in the Superseding Indictment, on the very day she was arrested (December 21, 2018), the government provided Moore's attorney with a significant volume of discovery in the case.  Specifically, as noted in the cover letter, the government informed Moore:

> This letter confirms that you have received, as discovery in this case, one flash drive and thirteen disks labeled Disk 1, Disk 2, *et seq*.  The flash drive and Disks 2 through 13 contain the discovery materials already provided to all defendants in the above-captioned case.  These materials include the Title III intercepts, related toll records, and supporting applications, orders, interim reports, and sealing orders.  Enclosed is also a disk labeled Disk 1, which contains the audio recording of the defendant's statements to federal agents on January 12, 2018, a hard copy of the defendant's criminal history (confirming that the defendant has no known criminal history), and a hard copy of Report of Investigation No. 125 documenting the defendant's statements to federal agents on January 12, 2018.

Accompanying the discovery was a 28-page excel spreadsheet Discovery Log, listing the documents that were being produced (grouped by category), along with a description of the materials, and the corresponding Bates Numbers.  This initial, extensive, discovery included the Affidavit in support of the Application for Authorization to Intercept Wire and Electronic

Communications, numerous search warrant affidavits and related materials, phone records, text messages, bank records, Grand Jury materials, and over 150 Reports of Investigation ("ROIs") by federal agents.  On January 24, 2019, Defendant Moore also received an Automatic Discovery Letter pursuant to Federal Rule of Criminal Procedure 16 and Local Rules 116.1(C) and 116.2 of the Local Rules of the District of Massachusetts.  (DE. 261.)  The letter again detailed the discovery produced to Defendant Moore, grouped by the relevant category under the Local Rules, and enclosed letters regarding cooperating witnesses, potentially exculpatory information, and other matters.  The following week, on January 29, 2019, Defendant Moore received supplemental discovery regarding the search warrant for her own phone, which included a 47-page supporting affidavit that specifically detailed her alleged involvement in the criminal organization.  (In the Matter of the Search of One dark-colored iPhone cellular device, 18-MJ-4006-DHH.) (DE 270.)

The government anticipates producing additional materials to defendant Moore on a rolling basis as the parties rapidly approach the June 10, 2019 trial date in this matter.  Pursuant to the Federal Rules of Criminal Procedure, the Local Rules of the District of Massachusetts, and statutory obligations (i.e. the Jencks Act, 18 U.S.C. § 3500), the government will be producing additional trial-related materials to the defendant.  The government is also reviewing materials to select trial exhibits, which it will provide to all remaining defendandants electronically in advance of trial.

II.   **ARGUMENT**

   A. **The Defendant's Motion for a Bill of Particulars is Untimely and Should be Denied Because the Defendant Failed to Obtain Leave of Court to File It.**

Rule 7 of the Federal Rules of Criminal Procedure provides that a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court

permits." Fed. R. Crim. 7(f).  Accordingly, federal courts throughout the country have denied motions for bills of particulars where the motion was beyond the 14-day deadline and leave of court was not requested.  *See e.g., United States v. Damante*, 2011 WL 4007623, at *1 (D. Nev. Sept. 8, 2011) ("Defendant cannot wait [four months] and then, when the case approaches trial, feign uncertainty as to the charges against him.  Not only did the deadline to move for a bill of particulars expire, but the Defendant also failed to obtain this Court's permission to request a bill of particulars pursuant to Rule 7(f)."); *United States v. Ayala-Vazquez*, 2010 WL 3981831, at *2 (D. Puerto Rico Oct. 8, 2010) (denying motion five months after arraignment where "not only did the deadline to move for a bill of particulars expire, but the Defendant also failed to obtain this Court's permission to do so outside of the established time limit"); *United States v. Hazelrigg*, 2009 WL 3617562, at *2 (D.S.D. Oct. 29, 2009) (denying defendant's request three months after arraignment); *United States v. McKay,* 70 F. Supp. 2d 208, 211 (E.D.N.Y. 1999) (finding motion filed three months after arraignment untimely where no good cause shown for delay); *United States v. Taylor,* 25 F.R.D. 225, 226 (E.D.N.Y. 1960) (finding motion filed seven months after arraignment untimely and the court had not permitted a motion beyond that date).

   In this case, as noted, the Defendant was arraigned on the Indictment on December 20, 2018.  Pursuant to Rule 7(f), the deadline to file a motion for a bill of particulars was January 3, 2019.  The Motion, however, was not filed until April 22, 2019, approximately a month before trial.  Defendant Moore does not even address, much less justify, the fact that she did not seek leave of this Court to file the Motion.

> B. **The Court Should Deny a Motion for Bill of Particulars Where, as Here, the Superseding Indictment, the Circumstances of the Investigation, and the Discovery More than Advise the Defendant of the Allegations They Face.**
>
> > 1. <u>The Indictment is Sufficiently Particular.</u>

As the First Circuit has noted, "[m]otions for bills of particulars are seldom employed in modern federal practice." *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993). An indictment is sufficiently particular if it "elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions of the same offense." *Id.* at 1192 (*citing Hamling v. United States*, 418 U.S. 87, 117 (1974)); see also Fed. R. Crim P. 7(c)(1) ("The indictment…must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."). A bill of particulars need only be granted where the indictment is so vague that it does not comply with these purposes. *See Sepulveda*, 15 F.3d at 1192 (holding that to prevail on a bill of particulars the defendant must demonstrate he is "disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause"); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985) (permitting a bill only when indictment is so general that it fails to advise the defendant of the specific acts charged). An indictment need not be "infinitely specific," nor identify all evidence the government will present at trial. *Sepulveda*, 15 F.3d at 1192; *see also United States v. Munoz-Franco*, 487 F.3d 25, 53 (1st Cir. 2007) ("The government is not limited in its proof at trial to those overt acts alleged in the indictment." (internal citation omitted)); *United States v. Belardo-Quinones*, 71 F.3d 941, 943 (1st Cir. 1995) (noting that an indictment need not contain "any precise time period for the conspiracy" nor "specify the date on which the defendant joined it"); *United States v. Paiva*, 892 F.2d 148, 154-55 (1st Cir. 1989) (upholding the denial of a bill of particulars where the indictment did not

identify the number of transactions in which the defendant was involved, when and where they occurred, the time period in which he joined and withdrew from the conspiracy, and acts of his participation in the conspiracy).

The Superseding Indictment charges Defendant Moore with participating in a Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine, and Cocaine Base (Count One), a substantive count of Distribution and Possession with Intent to Distribute Heroin, Cocaine, and Cocaine Base (Count Three), Conspiracy to Commit Money Laundering (Count Eight), and substantive counts of Money Laundering and Aiding and Abetting (Counts Fourteen through Nineteen). Moore is also charged with making False Statements (Count 24). Each Count contains the statutory language of the charge, the date or date range the activity allegedly occurred, and the location(s) of the allegedly conduct. Further, the money laundering counts provide the specific dates, amounts, and withdrawal amounts of the underlying transactions. And the false statement count summarizes the content of the allegedly false statements. The Superseding Indictment thus clearly puts Defendant Moore on notice of the charges against her, and there is no need for a Bill of Particulars in this case.[1] *See generally, United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) (denying a bill of particulars that sought the "'wheres, whens and with whoms' that Courts have held to be beyond the scope of a bill of particulars"); *United States v. Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) ("A bill of particulars is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case."). "To hold otherwise would incorrectly require the

---

[1] Defendant Moore also makes a claim that she is entitled to additional information regarding the forfeiture allegations. The forfeiture allegations in the Superseding Indictment serve to place each of the defendants on notice that the charges in the case are forfeiture predicates, and that to the extent there is a conviction by plea or at trial on those charges, each of the defendants faces the potential forfeiture of certain assets under the statute. The government is well aware of the additional requirements that will be necessary after any conviction if forfeiture is sought and contested, but such a discussion is premature at this time.

government to disclose its trial strategy for proving its allegations." *United States v. DeNunzio*, 2015 WL 3454714, at *1 (D. Mass. May 29, 2015).

**2. The Circumstances of the Investigation and the Extensive Discovery in this Case Provides Further Details Regarding the Charges Against the Defendant and Further Obviates the Need for a Bill of Particulars**

As detailed above, under the circumstances of the investigation, Defendant Moore was well aware of many of the allegations well before she was arrested herself: her daughter and son-in-law, who were living in her home, were arrested nearly a year before for their roles in the conspiracy, and her home was searched at the time of their arrests. Moore received inventory notices following the arrests regarding the wire interceptions. And when she herself was arrested in a Superseding Indictment, she received extensive, well-organized, detailed discovery in Court on the very day of her arrest.

Courts throughout the country, and in this district, have routinely held that detailed discovery provided to criminal defendants obviates the need for a bill of particulars. *See e.g., Sepulveda*, 15 F.3d at 1193 (denying bill of particulars where defendants "enjoyed the benefits of modified open-file discovery, *i.e.*, automatic discovery that encompassed all relevant data except Jencks Act material related to witnesses not employed in law enforcement"); *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (affirming denial of bill of particulars where government had provided "extensive additional information"); *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983) ("Full discovery will obviate the need for a bill of particulars."); *United States v. Godfrey,* 2013 WL 1414887, at *3 (D. Mass. Apr. 5, 2013) (Bowler, M.J.) (denying bill of particulars where indictment is specific enough and discovery has been provided in searchable format); *United States v. Stryker Biotech*, 2010 WL 2900684, at *4 (D. Mass. July 21, 2010)(finding that discovery "roadmap" including witness statements and exhibits eliminates the

need for a bill of particulars); *United States v. Kemp,* 2004 WL 2757867, at *8 (E.D. Pa. Dec. 2, 2004) ("Courts are especially reluctant to direct the filing of a bill of particulars when the government has provided the defendant with extensive pre-trial discovery."). Courts have cautioned that defendants cannot "use the vastness or complexity of the alleged [charges] and its attendant documentary evidence as a sword against the government when the Indictment, discovery, and other information provided by the government adequately notify the Defendants of the charges against them." *United States v. Rigas,* 258 F. Supp. 2d 299, 305 (S.D.N.Y 2003).

In this case, not only does the detailed Superseding Indictment alone give the Defendant sufficient notice of the charges against her, but the circumstances of the investigation and the extensive discovery in this case have also provided defendant Moore with significant details about the charges against her. As a result, a bill of particulars is not necessary, nor warranted in this case. Accordingly, the Motion should be denied.

        Respectfully submitted,

        Andrew E. Lelling
        United States Attorney

By: */s/ Amy Harman Burkart*
    Amy Harman Burkart
    Katharine A. Wagner
    Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Amy Harman Burkart*

Dated: May 6, 2019