UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 18-30001-WGY |
| v. | ) |
| | ) |
| (2) NIA MOORE-BUSH, | ) |
|     a/k/a "Nia Dinzey," | ) |
| (6) DAPHNE MOORE, | ) |
| | ) |
|     Defendants. | ) |

## **NOTICE OF USE OF EXPERT WITNESSES**

The United States of America, by and through its attorneys, United States Attorney Andrew E. Lelling and Assistant United States Attorney Katharine A. Wagner and Amy Harman Burkart, hereby gives notice of its intent to use the seven expert witnesses identified below pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). These witnesses fall into three categories: chemists who tested the narcotics seized during the instant investigation, a firearms interstate nexus examiner who examined the firearms involved in the May 5, 2017 firearms transaction, and an ATF Special Agent who conducted forensic analysis of electronic devices seized during this investigation.

A. Chemists

The Superseding Indictment charges defendants Nia Moore-Bush and Daphne Moore with conspiracy to distribute and possess with intent to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. § 846, and one or more counts of possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Superseding Indictment further charges Moore-Bush and Moore with laundering and conspiring to launder the proceeds of

those narcotics offenses. During the course of this investigation, investigators made several traffic stops and executed multiple search warrants that resulted in the seizure of narcotics. At trial, the government intends to prove the chemical composition of those narcotics as part of its case-in-chief.

The narcotics seized as a result were submitted to either the Massachusetts State Police Crime Laboratory ("MSP") or to the DEA's Northeast Laboratory ("DEA") for chemical analysis. A total of six chemists (collectively, the "chemist witnesses") at those two locations performed testing and issued the reports previously disclosed to the defendants as DEA_0000001–8 and MSP_0000047, 64. The following chart summarizes the exhibit number, narcotics identified, location of seizure, and report associated with each of the chemist witnesses:

| Chemist Witness | Laboratory | ATF Exhibit No(s). | Seizure Location & Date | Report(s) |
|---|---|---|---|---|
| Samantha Bara | MSP | n/a | Route 91 North 11/24/2017 | MSP_0000064 |
| James DiSarno | DEA | 151 | Route 89 North 12/8/17 | DEA_0000008 |
| Mark Filandro | DEA | 68, 69 | 892 Main Street 1/12/18 | DEA_0000001–2 |
| Brian Green | DEA | 148 | Hollow Inn 1/12/18 | DEA_0000006 |
| Brian Green | DEA | 150 | Route 89 North 12/8/17 | DEA_0000007 |
| Noel Vadell | DEA | 149 | Hollow Inn 1/12/18 | DEA_0000003 |
| Noel Vadell | DEA | 152, 153 | Route 89 North 12/8/17 | DEA_0000004–5 |
| Nevin Vigneault | MSP | n/a | Route 91 North 5/8/2017 | MSP_0000047 |

Absent a stipulation at trial, the government will seek to qualify the above-listed chemists as expert chemists. The government anticipates that these chemist witnesses will testify as to

the method and procedures for testing narcotics and the conclusions memorialized in the reports attached as Exhibit 1 and listed above. The chemist witnesses are qualified by education, experience, and training, as outlined in their *curricula vitarum*, which have been produced to the defendants with respect to chemist witnesses Samantha Bara, Nevin Vigneault, Brian Green, and Mark Filandro (*see* DE 381, 382). The government has also produced the bench notes and other materials related to these four chemist witnesses (*see* DE 381, 382). The government has requested and will provide the *curricula vitarum* and bench notes relevant to cemist witnesses Noel Vadell and James DiSarno as soon as they are received.

The government requests that the defendants notify the government as soon as possible whether the defendants will stipulate to the authenticity, accuracy, and admission of the drug analyses produced as DEA_0000001–8 and MSP_0000047, 64 and described above absent the testimony of the chemist witnesses.

B. <u>Interstate Nexus</u>

Count Twenty-Three of the Superseding Indictment charges defendant Moore-Bush with aiding and abetting the possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). An element of that offense is that the firearms and ammunition have traveled in interstate or international commerce. Consequently, absent stipulation by defendant Moore-Bush, as part of its case in chief, the government intends to call ATF Special Agent Brian Meehan, a qualified interstate nexus examiner, to testify that he examined the firearms and ammunition alleged in the Superseding Indictment and that he concluded that they had traveled in interstate commerce. The government has previously disclosed his report outlining his methods and findings as ATF_0000796–97. The government has requested and will disclose his

*curriculum vitae* as soon as is received.

The government requests that the defendants notify the government as soon as possible whether the defendants will stipulate that the firearms and ammunition traveled in interstate commerce.

C. Forensic Analysis of Electronic Devices

The government expects to elicit testimony from ATF Special Agent Mattheu Kelsch regarding the imaging of the Electronic Devices and Media (collectively "the Devices") that were seized and searched in connection with this investigation.  Unless the defense stipulates, he will testify about:   (1) how he made duplicate copies of and/or extracted data from the original electronic images of the Devices; (2) verifying the processes of imaging and copying; (3) the accepted procedures and methods used in the field of computer forensics (including checking the hash values of the original electronic device with the image); and (4) making the forensic image of the originals accessible/available for other ATF and IRS agents for review and further forensic analysis.   Further, Special Agent Kelsch will testify about his experience, training, and computer skills and how he relied on that experience, training, and skills in conducting the imaging process.   A *curriculum vitae* for Special Agent Kelsch was provided by email on May 10, 2019 (*see* DE 388).

Special Agent Kelsch is preparing a report to describe the processes used to image/extract data from the Devices, and those will be produced in discovery upon completion.   Any additional notes regarding Special Agent Kelsch's examinations have been requested and will be produced promptly.   The government requests that the defendants notify the government as soon as possible whether the defendants will stipulate that the images created are admissible forensic images of the Devices (*i.e.*, forensically sound copies of the original data).

In addition, Special Agent Kelsch will testify about the processing of the images of the Devices with forensic tools, and about providing access to data from this processing to other Special Agents for review. Special Agent Kelsch may also testify about how some of the data was segregated for review by a taint team, due to concerns about potentially privileged data on the devices. Special Agent Kelsch will testify about the software tools that he used to extract data, image devices, and process images, including FTK Imager, Cellebrite Physical Analyzer, UFED 4PC, Graykey, and Internet Evidence Finder.

        Respectfully submitted,

        ANDREW E. LELLING
        UNITED STATES ATTORNEY

        */s/ Katharine A. Wagner*
        KATHARINE A. WAGNER
        AMY HARMAN BURKART
        Assistant United States Attorneys

        Counsel for the United States

Submitted:   May 11, 2019

Certificate of Service

May 11, 2019

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

         By:  */s/ Katharine A. Wagner*
             KATHARINE A. WAGNER
             Assistant United States Attorney