UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 18-30001-WGY |
| | ) |
| (2) NIA MOORE-BUSH, | ) |
| a/k/a "Nia Dinzey," | ) |
| (6) DAPHNE MOORE, | ) |
| | ) |
| Defendants. | ) |

## ~~Proposed~~ PROTECTIVE ORDER

The Court has read and considered the government's Motion for a Protective Order filed by the government on May 1, 2019, which this Court incorporates by reference into this Order, and FOR GOOD CAUSE SHOWN, the Court hereby FINDS AND ORDERS as follows:

1.  Certain parts of the discovery in this case relate to the history of one or more cooperating witness involved in the investigation of this case, and as such the discovery may contain identifying information. The dissemination or distribution of these materials could expose him or her to potential safety risks.

2.  Additionally, certain parts of the discovery in this case relate to portions of the contents of individuals' cellular phones and other electronic devices that contain photographs, electronic communications, and contacts of a personal nature.

3.  The Court finds it is appropriate, therefore, for a Protective Order that would allow the government to produce discovery related to the cooperating witness(es), but places limitations on defendants' access to the discovery without defense counsel present.

4.  The Court agrees that a Protective Order as requested by the parties will serve the government's interest in preserving the effectiveness and safety of the cooperating witness(es), while permitting the defense to understand the government's evidence against the defendants.

5. Accordingly, the discovery related to the cooperating witness(es) that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

   a. For purposes of the Protective Order, the term "confidential materials" includes any information ~~relating to~~ evidencing a cooperating witness's prior history of cooperation with law enforcement, a cooperating witness's prior criminal history, prior investigations into the criminal conduct of the cooperating witness, or any other information that could be used to identify a cooperating witness. The term "confidential materials" also refers to the contents of any electronic devices, including cellular phones. The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

   b. For purposes of the Protective Order, the term "Defense Team" refers to (1) defendants' counsels of record as noted in paragraph 1; (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendants' counsels of record providing assistance on this case—all of whom have been advised of their obligations under the Protective Order and have affirmed to the defendants' counsels of record that they agree to be bound by the terms of the Protective Order. The term "Defense Team" does not include defendants, the defendants' family members, or any other associates of the defendants.

2

c. Defendants' counsels of record agrees to advise all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the Defense Team with access to any materials subject to the Protective Order.

d. The government is authorized to provide defendants' counsels of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If the defendants objects to any such designation, they may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

e. The defendants may review Protected Information in this case only in the presence of his/her counsel of record, and his/her counsel of record shall ensure that defendants are never left alone with any discovery subject to the Protective Order. Defendants may see and review Protected Information in the presence of his/her counsel of record, but the defendants may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time. Defendants must return any Protected Information to his/her counsel of record at the conclusion of any meeting at which the defendants were permitted to view the Protected Information. Defendants may not take any Protected Information out of the room in which he/she is meeting with his/her counsel of record. Defendants may not write down or memorialize any confidential materials contained in the Protected Information. At the conclusion of any meeting with the defendants, defendants' counsels of record shall take with him/her all Protected Information. At no time, under no circumstance, will any Protected Information be left in the

possession, custody, or control of defendants, whether they are incarcerated or not.

f. The Defense Team shall not permit anyone other than the Defense Team to have possession of Protected Information, including the defendants.

g. The Defense Team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The Defense Team may review Protected Information with a witness or potential witness in this case, including the defendants, subject to the requirement above that defense counsel must be present if Protected Information is being shown to defendants. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness, with the exception of retained or potential expert witnesses, may retain Protected Information, or any copy thereof, after his/her or her review of those materials with the Defense Team is complete.

h. The Defense Team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than Defense Team members and defendants as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

i. To the extent that notes are made that memorialize, in whole or in part, the confidential materials in any Protected Information, or to the extent that copies

are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j. The Defense Team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by the defendants and any motions filed by the defendants pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the confidential materials and make all reasonable attempts to limit the divulging of confidential materials.

k. ~~Defendants and the Defense Team also agree that any confidential materials produced in the government's discovery prior to the date of the Protective Order shall be deemed covered by the terms of the Protective Order~~.

l. Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject

to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the Defense Team shall return Protected Information and materials otherwise identified as containing confidential materials to the government or certify that such materials have been destroyed.

m. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the Defense Team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning to the government or certifying the destruction of all Protected Information and materials otherwise identified as containing confidential materials upon the conclusion of appellate and post-conviction proceedings.

n. *Plea agreements and cooperation agreements are not subject to this order.*

IT IS SO ORDERED *as modified.*

*William G. Young*
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

Dated: *May 15, 2019*